IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:23-00271-JB-N<br>) |
| SYLVIA WOODS,[1]<br>　　Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

Plaintiff Wendy Williams – who is proceeding without counsel (*pro se*) – filed a civil complaint in this Court on July 19, 2023. (Doc. 1).[2] However, she did not pay the $402 statutory filing fee[3] nor file a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). Accordingly, by order dated July 24, 2023, the undersigned directed Williams: (1) to either pay the filing fee or file an IFP motion and (2) after noting deficiencies contained in the original complaint, to file an amended complaint correcting those deficiencies. (Doc. 2). Williams was instructed to do both by no later than August 14, 2023. (*Id*.). To date, Williams has failed to comply with the Court's directive or file anything further with the Court. No IFP motion or filing fee has been

---

[1] Plaintiff's complaint identifies the defendant in this action at various points as "Sylvia Rankins, Woods," "Sylvia Woods/Rankins," and "Sylvia Woods." (Doc. 1).

[2] The District Judge assigned to this case referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/19/2023 elec. ref.).

[3] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court… to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited, July 24, 2023).

received and no amended complaint has been filed. As a result of Williams' non-compliance with the prior directive and her failure to prosecute this action, the undersigned **RECOMMENDS** her complaint dated July 19, 2023 (Doc. 1) be **DISMISSED without prejudice**.

## I.    *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present case, Williams has filed nothing further with the Court since she initiated this action in July, despite being ordered to do so by no later than August 14, 2023. (*See* Doc. 1). Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## II.   *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Williams' complaint dated July 19, 2023 (Doc. 1) be **DISMISSED without prejudice** and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of September 2023.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**